FILED
SUPERIOR COURT
OF GUAM
2018 FEB 27 PM 1: 28
CLERK OF COURT
By:_____

IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM, )   CRIMINAL CASE NO. CF112-14
)
v. )   FINDINGS OF FACT AND
)   CONCLUSIONS OF LAW RE:
EDWARD J. CHONG, )   COMPETENCY TO BE SENTENCED
DoB (05/09/1972) )   (VETERANS TREATMENT COURT)
)
DEFENDANT. )
)

## I. INTRODUCTION

A Competency Hearing was held in this matter on February 13, 2018, before the Honorable Maria T. Cenzon. Edward J. Chong ("Defendant") was present and represented by Attorney Howard Trapp. Assistant Attorney General Terry Van Eaton represented the People of Guam (the "People"). The Court took the testimony of Dr. Juan Rapadas on the issue of whether Defendant was competent to be sentenced and now issues these Findings of Fact and Conclusions of Law[1] based upon Dr. Rapadas's testimony at the Competency Hearing, his Forensic Evaluation filed February 1, 2018; reports from Defendant's Veterans Treatment Court ("VTC") treatment team; and the court's observations and interactions with the Defendant.

---

[1] For purposes of clarity, a clause designated as a finding of fact may state legal conclusions and a conclusion of law may contain statements of fact—a clause's placement under the heading of "findings of fact" or "conclusions of law" should not be constructed to limit its meaning.

ORIGINAL

## II. RELEVANT FINDINGS OF FACT

The Court has issued its Findings of Fact and Conclusions of Law On Sentencing under the Justice Safety Valve Act of 2013 concurrent with these Findings of Fact and Conclusions of Law on Competency To Be Sentenced and incorporates the Findings of Fact set forth therein to the extent relevant to the Court's determination of Defendant's competency to be sentenced.

On April 24, 2014, Defendant was indicted for Importation of A Schedule II Controlled Substance (As a 1st Degree Felony), Possession of A Schedule II Controlled Substance With Intent to Deliver (As a 1st Degree Felony) and Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony). On October 12, 2016, Defendant entered into a Plea Agreement with the People wherein he agreed to enter a plea of *nolo contendre* to the Charge of Conspiracy to Import a Schedule Two Controlled Substance (As a First Degree Felony), as contained in an Information filed against Defendant. *Information* (Oct. 26, 2016).

On October 20, 2017, the Court held a Change of Plea hearing during which Defendant entered a plea of *nolo contendre*, acknowledged his right to be charged by Indictment, and consented to being charged with the felony offense by Information. *Change of Plea Hrg.* at 9:21:32-43 (Oct. 20, 2016). Pursuant to the terms of his plea, the parties shall argue a range of direct incarceration to be argued to the court at a later Sentencing hearing. *Plea Agreement* at p. 4, ¶ 8a. The term of imprisonment for Conspiracy to Import A Schedule Two Controlled Substance (As a First Degree Felony) is a sentence of not less than three (3) years and not more than ten (10) years and a fine of not more than fifteen thousand dollars ($15,000).

During the Competency Hearing, Dr. Rapadas testified that Defendant is competent to be sentenced and such testimony was not refuted by Defendant. The testimony of Dr. Rapadas is consistent with the Forensic Evaluations conducted on February 1, 2018 as well as on March

29, 2017. Defendant did not present any evidence contradicting the evaluation, findings and opinion of Dr. Rapadas and, therefore, the Court adopts as its Findings of Fact the opinions set forth in both Forensic Evaluations which are a part of the record of this matter. Specifically, Defendant is competent to be sentenced based on his IQ testing results, the clinical interviews, observations of the Defendant, self-reported history and current mental status. Defendant is able to assist in his defense and understands the nature of the case, his current status as having been convicted of Conspiracy to Import a Schedule Two Controlled Substance (As a First Degree Felony) following entry of his *nolo contendre* plea on October 20, 2016.

## III. CONCLUSIONS OF LAW

Under 9 GCA § 7.37(b), a competent defendant must be able to: understand the nature of the proceedings; understand the charge of which he has been convicted; understand the nature and extent of the sentence imposed upon him *or* assist and cooperate with his counsel. Inability to perform even one of these tasks will support a finding of incompetency to be proceeded against. On February 13, 2018, the Court held the required hearing pursuant to 9 GCA § 7.25 during which no evidence was presented which was contrary to the findings and expert opinion of Dr. Rapadas.

On the issue of Defendant's competency to be sentenced, therefore, the Court accepts the testimony and evaluations of Dr. Rapadas as set forth in the forensic evaluations and his testimony at the Competency Hearing and finds that Defendant is competent to be sentenced.

//

//

## IV.   CONCLUSION AND FURTHER PROCEEDINGS

Defendant is competent to be sentenced and the Court has ruled that the provisions of the Safety Valve Act of 2013 do not apply to allow the court to divert from the sentencing range as agreed upon by the Defendant and the People. Sentencing is therefore scheduled for **MAR 13 2018** , at **2pm** .m.

SO ORDERED this **FEB 27 2018** .

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of:

TRAPP/AG

Date: FEB 27 2018  Time: 3:30 pm

Deputy Clerk, Superior Court of Guam